IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren Russell, #316802, ) | |
| ) | CIVIL ACTION NO. 9:10-1246-JMC-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Jon E. Ozmint, Warden A. J. Padula, ) | |
| Associate Warden Margret E. Bell, ) | |
| Associate Warden J. J. Brooks, and ) | |
| Ms. Whitney, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

At the time he filed this action, Plaintiff simultaneously filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Defendants filed a response to Plaintiff's motion on July 7, 2010, together with their own motion for summary judgment. Plaintiff filed a "Supplement" to his motion on that same date. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July l3, 2010, advising the pro se Plaintiff of the importance of the Defendants' motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed responses to the Defendants' motion on July 13, and



July 23, 2010, to which the Defendants filed a reply memorandum on July 30, 2010.

On August 9, 2010, Plaintiff filed a third response in opposition to the Defendants' motion for summary judgment, together with a new motion for summary judgment. The Defendants filed a memorandum in opposition to Plaintiff's new motion for summary judgment on August 11, 2010. Plaintiff then filed yet another motion for summary judgment on August 24, 2010, to which the Defendants filed a response in opposition on September 7, 2010.[1]

These motions are now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that he had a previous federal court case, Russell v. Alvin S. Glenn Detention Center, Civil Action No. 9:09-548, in which he had received an adverse decision which he was trying to appeal to the Fourth Circuit Court of Appeals. Plaintiff alleges that his deadline for filing his appeal with the Fourth Circuit was July 23, 2009. Plaintiff alleges that the Lee Correctional Institution (LCI), where he is housed, has one day reserved for mail room activities for each unit/dorm, with the day usually reserved for his dorm being Thursday. Plaintiff alleges that, in this instance, Thursday was July 23, 2009. Plaintiff alleges that after

---

[1] These additional motions for summary judgment relate to the Defendants' alleged failure to properly respond to Plaintiff's discovery requests.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Both parties have filed motion for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

- 2 -



informing two correctional officers (neither of whom are Defendants in this case) that he had a deadline for mailing out documentation, the mail room was called to inform them that Plaintiff had important documents that needed to be mailed out on that day. Plaintiff alleges, however, that the mail room stated that he could not come out to mail his documents even though it was normal mail room hours. Plaintiff alleges that this caused his appeal to be denied, and that he was thereby denied access to the Courts in violation of his constitutional rights.

Plaintiff further alleges that a statement concerning his trust account must be sent to the Court of Appeals as part of the appeal, and that he sent this statement to the mail room on July 12, 2009, being received in the mail room on July 13, 2009. Plaintiff further alleges that with that statement he sent a request informing the Department that the due date for that statement was the date of July 17, 2009, in an attempt to avoid any delays in meeting the real deadline, which was July 23, 2009. Plaintiff alleges that his trust account statement was not "facilitated" until July 17, 2009, was not returned to the mail room until July 23, 2009, and was not given to the Plaintiff until July 24, 2009. Plaintiff alleges that these actions show a deliberate attempt by SCDC employees to restrain and/or restrict his access to the courts. Plaintiff also alleges that he is supposed to receive a form showing mailing of his legal mail within two days, but in this case the mailing of his trust account statement was delayed for nine business days, eleven days total.

Plaintiff seeks monetary damages, together with declaratory and/or injunctive relief. See generally, Verified Complaint, with attached Exhibits [Copies of newspaper articles and two grievances].[4]

---

[4]The purported "signed statement" by Officer Lorick, confirming that he did in fact speak with the Defendant Whitney in the mail room and was told that Plaintiff could not come to the mail
(continued...)



Plaintiff did not submit any exhibits in support of the motion for summary judgment he filed the same day as his complaint. In support of the Defendants' motion for summary judgment, Defendants have resubmitted an affidavit from the Defendant Anthony Padula which was filed in Plaintiff's previous case (9:09-2120). In this affidavit, Padula attests that he is Warden of the Lee Correctional Institution. Padula attests that because of the security threat presented by the Plaintiff, he is housed in the Chesterfield Unit, which is one of the most secure units in the facility. Padula attests that the designated time for inmates in this unit to send documents to the mail room is 9 to 9:30 a.m., and that Plaintiff is well aware of these rules. Padula further attests that mail privileges may be curtailed if the unit is on lockdown.

Padula attests that Plaintiff filed a Step I grievance against the Defendant Whitney, identified as a mail room worker, regarding being denied the opportunity to mail documentation. Padula attests that when this grievance was denied, Plaintiff filed a Step II grievance, but that Plaintiff has not yet received the agency response to that grievance.[5] Padula further attests that Plaintiff has filed no grievances against him, Ozmint, Bell, or Brooks regarding the matters alleged in his complaint, nor has Plaintiff filed any grievance regarding the timeliness of his Cooper Trust Fund Account statement being returned to him. Additionally, Padula attests that an inmate's

---

[4](...continued)
room, referred to as Exhibit 1, and the statement Plaintiff purportedly sent to the mail room on July 12, 2009, referred to as Exhibit 2, were both attached to another complaint Plaintiff filed asserting these same claims against these same Defendants. See Civil Action No. 9:09-2120. That case was dismissed for failure of the Plaintiff to exhaust his administrative remedies. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[5]Plaintiff has, since the date of Padula's affidavit, received his final response to the Step II grievance. See Plaintiff's Exhibit [Step II Grievance] attached to his complaint.



statement account for the Cooper Trust Account must be forwarded to Financial Accounting with the Department of Corrections, and is not completed at the Lee Correctional Institution. Padula attests that, as such, LCI has no control over the amount of time it takes accounting to complete this form and return it to the institution, a situation of which Plaintiff is also well aware. See generally, Padula Affidavit, with attached exhibits [Grievances].

In opposition to the Defendants' motion, Plaintiff has submitted an affidavit [attached to his second response] in which he attests that he has submitted exhibits in the form of signed statements from Correctional Officers Lorick and Brown, which were attached to his Civil Action 9:09-2120.[6] The undersigned has reviewed the exhibits Plaintiff submitted in 9:09-2120, which include a copy of a prisoner trust account statement from the Fourth Circuit Court of Appeals to the Trust Officer for the Department of Corrections dated July 17, 2009; an Informal Briefing Order from the Court of Appeals dated June 29, 2009 advising Plaintiff that his brief was due July 23, 2009; a copy of a note from the Plaintiff dated July 23, 2009, seeking information on his IFP request; a copy of a form wherein Plaintiff consents to collection of fees from his trust account for his appeal dated July 17, 2009 and an application dated July 17, 2009; a copy of Plaintiff's Informal Brief which is dated July 23, 2009; copies of some documents which relate to the operation of the Alvin S. Glenn (Richland County) Detention Center; and a copy of a statement written by the Plaintiff wherein Plaintiff states that he was told by Correctional Officer Lorick that he had called the mail room, and that "Ms. Whitney" had informed him that he could not come to the mail room at that time. Plaintiff also states in this statement that he informed Correctional Officer Richardson of these

---

[6]Plaintiff also attached to his affidavit a copy of a request to staff member form dated June 25, 2010, which refers to matters that have occurred after the events set forth in this lawsuit. As such, this exhibit has not been considered.



"issues".[7]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

**(Mail Room Access on July 23, 2009)**

Defendants initially argue that Plaintiff failed to properly exhaust his administrative remedies with respect to his denial of access to the courts claim relating to his inability to mail out a brief on July 23, 2009 except as to the Defendant Whitney, as Whitney was the only person named by Plaintiff in his grievance. This argument is without merit. Moore v. Bennette, 517 F.3d 717, 726,

---

[7] While Plaintiff describes this document as a "signed statement" by Lorick confirming Plaintiff's account of these events, it is actually a statement from and signed by the Plaintiff, not Lorick. Lorick has merely witnessed Plaintiff's signature.



727 (4th Cir. 2008). However, with respect to the merits of this claim, after careful review and consideration of the arguments and evidence presented, the undersigned finds the Defendants are entitled to summary judgment on this claim.

In order to pursue a claim for denial of access to the Courts, Plaintiff must allege facts sufficient to show both that he was denied access to the courts, and that he suffered some actual injury or specific harm as a result. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993). With respect to the first of these requirements, Plaintiff has not presented any evidence to show that he was denied access to the courts. The evidence before the Court shows that the designated time for inmates in the Plaintiff's prison unit to send documents to the mail room was 9-9:30 a.m. Plaintiff's own exhibits show that inmates are "allowed daily access to the mail room for the purpose of sending and receiving legal correspondence *during the operation hours of the mail room*." See Plaintiff's Exhibit, Step II Inmate Grievance Form [emphasis added]. The evidence further shows that by the time Plaintiff requested the use of mail services, the mail room was closed, and Plaintiff has provided no evidence to dispute this information (which, again, is contained in his own exhibit).

Further, it is undisputed in the evidence that Plaintiff did not attempt to mail his brief until July 23, 2009 (the brief itself also being dated July 23, 2009), which was the *deadline* his brief was *due* at the Fourth Circuit. Plaintiff had been advised of this deadline by the Fourth Circuit in its informal briefing order, which is dated almost a month earlier. See Plaintiff's Exhibit 3 (Docket No. 1-1) in Civil Action No. 9:09-2120 [Informal Briefing Order]. Hence, the evidence shows that



Plaintiff had ample time to prepare and mail his brief to the Fourth Circuit, with access to the prison mail room during the applicable period of time. Instead, however, Plaintiff waited until the actual date that his brief was due at the Fourth Circuit to even attempt to mail his brief, and then attempted to do so after regular mail room hours for his unit. This evidence does not show that any Defendant denied Plaintiff access to the Courts. Rather, Plaintiff's failure to timely file his brief was his own fault, no one elses'.

Additionally, even if the Court were to assume that Plaintiff was denied an adequate opportunity to mail his brief to the Fourth Circuit by on or before July 23, 2009, the evidence submitted further shows that Plaintiff was given an extension of time to September 8, 2009 to remedy his default. See Defendant's Exhibit [Rule 45 Notice] (Court Docket No. 15-5). According to the evidence, Plaintiff failed to do so, and his appeal to the Fourth Circuit was thereafter dismissed on September 22, 2009. See Defendant's Exhibit [Order of Dismissal] (Court Docket No. 15-6). Therefore, the dismissal of his court case was again due to inaction of the Plaintiff, and was not the fault of anyone else. Plaintiff has failed to show that any actions of the Defendants on July 23, 2009 as set forth in his complaint resulted in any harm to him. Magee, 810 F.2d at 452 ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; see Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]. This claim is without merit and should be dismissed.

## II.

### (Trust Account Statement)

With respect to Plaintiff's separate argument that he was not timely provided



information or documentation relating to his trust account, Defendants assert that Plaintiff has failed to exhaust his administrative remedies with respect to this claim. Padula attests in his affidavit that Plaintiff failed to ever file any grievance concerning this claim, and Plaintiff has failed to submit any evidence, or indeed any argument, to dispute Padula's affidavit, which constitutes sufficient evidence to entitle the Defendants to summary judgment on this claim. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

In any event, even if the merits of this claim could be reached, it would be subject to dismissal for the reasons already addressed: that is, as Plaintiff was provided with an extension of time to submit the proper appeal documents to the Fourth Circuit, he has failed to show that any of the actions complained of resulted in the harm he alleges he suffered. Lewis, 518 U.S. at 353 [Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue]. This claim is therefore without merit.

**Conclusion**

Based on the foregoing, it is recommended that the Plaintiff's motions for summary judgment be **denied**. It is further recommended that the Defendants' motion for summary judgment be **granted**, and that Plaintiff's claim relating to his not being able to mail out his brief on July 23, 2009 be **dismissed,** with prejudice. As the evidence before the Court shows that Plaintiff failed to exhaust his administrative remedies with respect to his trust account claim, that claim should also



be **dismissed,** but without prejudice.

        The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 14, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

