**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Warren Russell, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:10-cv-1246-JMC |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Jon E. Ozmint, Warden A.J. Padula, | ) | |
| Associate Warden Margret E. Bell, | ) | |
| Associate Warden J.J. Brooks, and | ) | |
| Ms. Whitney, | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff Warren Russell's Motions for Summary Judgment. [Docs. # 33, 42], and Defendants' Motion for Summary Judgment [Doc. # 15]. Plaintiff Warren Russell is proceeding *pro se* and filed this lawsuit under 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Correctional Institution ("SCDC") alleges that Defendants violated his constitutional rights. The Magistrate Judge filed his Report and Recommendation [Doc. # 49] on October 14, 2010, and recommended that Plaintiff's Motion for Summary Judgment be denied. The Magistrate Judge also recommended that Defendants' Motion for Summary Judgment be granted and that Plaintiff's claim [Doc. # 1] relating to his not being able to mail his brief on July 23, 2009 be dismissed with prejudice. The Magistrate Judge also recommended that Plaintiff's trust account claim [Doc. # 1] be dismissed without prejudice. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates them without a recitation.

1

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

This court incorporates by reference the Magistrate Judge's statement of the facts. [Doc. # 49, at 2-5].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or

merely restate his claims. However, the court was able to discern specific objections to portions of the Magistrate Judge's Report and Recommendation. [Doc. # 52].

Plaintiff initially objects that summary judgment is premature because he has not been provided a full and fair opportunity to conduct discovery. This court notes that the Magistrate Judge issued a Text Order [Doc. # 47] that denied Plaintiff's Motion to Compel Discovery [Doc. # 41]. The Magistrate Judge reviewed Defendants' responses to discovery and did not find those responses improper for the resolution of Plaintiffs claims. [Doc. # 47]. Therefore, Plaintiff's objections [Doc. # 52] concerning the fairness of the discovery procedures are overruled.

Plaintiff's next objection concerns his assertion that there is a genuine issue of fact with respect to whether Officers Lorick and Brown (neither of whom are defendants in this case) attested to a statement Plaintiff signed [Doc. # 1-1, C.A. No.:9:09-cv-2120] in which he asserted that he was denied access to the mail room on July 23, 2009 even though his informal brief was actually due to the United States Court of Appeals for the Fourth Circuit on that date. [Doc. # 52, at 2]. The Magistrate Judge noted that Officer Lorick signed the statement as a witness to Plaintiff's signature and that the statement was attached to Plaintiff's Complaint as Exhibit 1 in a previous case. *See Russell v. Ozmint*, C.A. No.:9:09-cv-2120. The Magistrate Judge also noted that Plaintiff's previous case was dismissed because of Plaintiff's failure to exhaust his administrative remedies. [Doc. # 49, at 3-4 n.4]. Nevertheless, Plaintiff's objection in this regard does not raise any genuine issues of **material** fact because, as the Magistrate Judge found, Plaintiff's statement shows that he did not attempt to mail his informal brief until July 23, 2009, the date on which it was actually due. The Magistrate Judge concluded that Plaintiff was not denied access to the court and that his untimely filing was his fault. [Doc. # 49, at 7-8]. The Magistrate Judge also noted that the Fourth Circuit gave

Plaintiff an extension of time until September 8, 2009, to submit his brief but that Plaintiff also failed to meet that deadline; consequently, his appeal was dismissed on September 22, 2009. [Doc. # 49, at 8]. This court agrees with the Magistrate Judge's conclusions, and Plaintiff's objection is overruled.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 49] and **DENIES** Plaintiff's Motions for Summary Judgment [Docs. # 33, 42]. The court **GRANTS** Defendants' Motion for Summary Judgment [Doc. # 15]. Accordingly, Plaintiff's claim relating to his inability to mail his informal brief on July 23, 2009 is **DISMISSED** with prejudice. In addition, Plaintiff's trust account claim is **DISMISSED** without prejudice because Plaintiff has failed to exhaust his administrative remedies. This order hereby **MOOTS** Plaintiff's Motion for Judicial Notice of Adjudicative Facts [Doc. # 51].

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>
Honorable J. Michelle Childs<br>
United States District Judge

January 13, 2011
Greenville, South Carolina